IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HAROLD STEVEN JACKSON <br>     Petitioner, <br> v. <br><br> UNITED STATES OF AMERICA <br>     Respondent. | \* <br><br> \*   CIVIL ACTION NO. PJM-07-2793 <br>       CRIMINAL NO. PJM-06-0306 <br> \* <br><br> \*\*\* |

**MEMORANDUM OPINION**

Harold Steven Jackson ("Jackson") entered a guilty plea to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Criminal judgment was entered on March 12, 2007. On April 26, 2007, Jackson noted an appeal. On May 4, 2007, the United States Court of Appeals for the Fourth Circuit appointed the Federal Public Defender to represent Jackson.

On May 11, 2007, the Court received for filing Jackson's 28 U.S.C. § 2255 Motion to Vacate, dated May 4, 2007. *See United States v. Jackson*, Criminal No. PJM-06-0306 (D. Md.) at Paper No. 21; *see also Jackson v. United States*, Civil Action No. PJM-07-1239 (D. Md.). The Motion was dismissed as having been prematurely filed. *See United States v. Jackson*, Criminal No. PJM-06-0306 (D. Md.) at Paper Nos. 22 and 23; *see also Jackson v. United States*, Civil Action No. PJM-07-1239 (D. Md.)

On October 15, 2007, the Court received for filing the instant 28 U.S.C. § 2255 Motion to Vacate dated October 9, 2007. *See United States v. Jackson*, Criminal No. PJM-06-0306 (D. Md.) at Paper No. 32; *see also Jackson v. United States*, Civil Action No. PJM-07-2793 (D. Md.) Jackson's direct appeal remains pending before the Fourth Circuit Court of Appeals with Appellant's

brief not due to be filed until November 21, 2007. *See Jackson v. United States*, Appellate No. 07-4425 (4th Cir.)

As Jackson has previously been advised, absent extraordinary circumstances, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case or direct appeal is pending. *See Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1994); *United States v. Gordon*, 634 F.2d 638, 638-39 (1st Cir. 1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979). Although this general rule is not a jurisdictional bar, the orderly administration of criminal law precludes consideration of a § 2255 motion absent extraordinary circumstances. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Davis*, 604 F.2d at 484.

Jackson's § 2255 Motion is premature. His criminal judgment is currently on appeal and he has not alleged any extraordinary circumstances warranting review of the Motion. Consequently, the Motion to Vacate shall be dismissed without prejudice by separate Order.[1]

                                                                               /s/
                                          PETER J. MESSITTE
October 26, 2007                        UNITED STATES DISTRICT JUDGE

---

[1] Jackson is free to re-file his 28 U.S.C. § 2255 Motion upon completion of the appeal process. He is forewarned, however, that a one-year statute of limitation applies to a motion filed under § 2255. The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been made discoverable through the exercise of due diligence.